# EXHIBIT A

THIS IS NOT AN ARBITRATION COMPLAINT
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

*Filed and Attested by the
Office of Judicial Records
19 APR 2021 09:41 am
S. RICE*

**SIMON & SIMON, P.C.**
BY:  Marc I. Simon, Esquire           James Gundlach, Esquire
     Joshua A. Rosen, Esquire         Christopher Green, Esquire
     Matthew J. Zamites, Esquire      Lauren Mazzitelli, Esquire
     Brian F. George, Esquire         William Nieves, Esquire
     Andrew Baron, Esquire            Kane Daly, Esquire
     Antima Chakraborty, Esquire      Brittany Sturges, Esquire
     Joshua Baer, Esquire             Matthew Dobson, Esquire
     Michael K. Simon, Esquire        Kelly Peterson, Esquire
     Sam Reznik, Esquire              Sarkis Dramgotchian, Esquire
     Mary G. McCarthy, Esquire
     Harry Gosnear, Esquire
     Daniel Ward, Esquire

Attorney ID No.'s:                    **Attorneys for Plaintiff**
*201798*

1818 Market Street, 20th Floor
Philadelphia, PA  19103
(215-467-4666)

| | |
|---|---|
| Harry Bailey | IN THE COURT OF COMMON PLEAS |
| 2443 N 11th St., Apt. #1203 | PHILADELPHIA COUNTY |
| Philadelphia, PA 19133 | |
| Plaintiff | March Term 2021 |
| v. | |
| Cory M. Goldstein | No.: 00201 |
| 23 Darby Ln. | |
| Cherry Hill, NJ 08002 | |
| And | |
| Stirling Towing & Transport, LLC | |
| 4251 Stirling St. | |
| Philadelphia, PA 19135 | |
| Defendants | |

Case ID: 210300201

# NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by Ms. Olson.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND
INFORMATION SERVICE
One Reading Center
Philadelphia Pennsylvania 19107
Telephone:  (215) 238-1701**

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) días de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.  Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACIÓN DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono:  (215) 238-1701**

Case ID: 210300201

**PLAINTIFF HARRY BAILEY'S FIRST AMENDED COMPLAINT**

1. Plaintiff, Harry Bailey, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Upon information and belief, Defendant, Cory M. Goldstein is a resident of the State of New Jersey, residing at the address listed in the caption of this Complaint.

3. Defendant, Stirling Towing & Transport, LLC, is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint.

4. On or about August 30, 2020, at or about 6:00 p.m., Plaintiff, Harry Bailey, was the operator of a motor vehicle traveling at or near the intersection of US-1 & I-76, in Philadelphia, PA.

5. At or about the same date and time, Defendant, Cory M. Goldstein, was the operator of a motor vehicle, which was owned by Defendant, Stirling Towing & Transport, LLC, which was traveling at or near the aforesaid intersection and/or location of Plaintiffs' vehicle.

6. At or about the same date and time, Defendant's vehicle was involved in a motor vehicle collision causing the Plaintiff's vehicle to strike the Defendants' vehicle.

7. At all times relevant hereto, upon information and belief, Defendant, Cory M. Goldstein, was operating the aforementioned defendant, Stirling Towing & Transport, LLC's motor vehicle as defendant's agent, servant and/or employee acting in the scope of their agency.

8. The aforesaid motor vehicle collision was caused by the Defendants negligently, recklessly and/or carelessly, operating his/her vehicle in such a manner so as to cause the Plaintiff's vehicle to strike the Defendants' vehicle, including by recklessly speeding by Plaintiff, recklessly darting in front of Plaintiff's vehicle, and, despite Defendants knowing the danger and undue

and/or excessive risk of harm such behavior posed to Plaintiff and others on the road, recklessly slamming on the breaks in an attempt to further dart over to a disabled vehicle on the side of the road.

9. As a direct and proximate result of the joint and/or several and/or direct or vicarious negligence and/or carelessness and/or recklessness of the Defendants, Plaintiff has sustained serious permanent personal injuries and damages.

10. As a result of the incident, Plaintiffs suffered severe and permanent injuries including to the neck, as well as back pain, as set forth more fully below.

## COUNT I
### Harry Bailey v. Cory M. Goldstein
### Personal Injury—Negligence & Recklessness

11. Plaintiff incorporate by reference herein the allegations set forth in the aforementioned paragraphs of this Complaint, inclusive, as if set forth herein at length.

12. The negligence, recklessness and/or carelessness of Defendant, which was the direct and sole cause of the aforesaid motor vehicle collision and the resultant injuries and damages suffered by the Plaintiff, consisted of the following:

   a. Operating vehicle in a negligent manner as to cut off Plaintiff then slam on their breaks, causing the Plaintiff's vehicle to strike the Defendant's vehicle;

   b. Operating his/her vehicle into Plaintiff's lane of travel;

   c. Failing to maintain proper distance between vehicles;

   d. Operating his/her vehicle in a negligent, reckless and/or careless manner so as to cause the Plaintiff's vehicle to strike the Defendant's vehicle without regard for the rights or safety of Plaintiff or others, including by recklessly

speeding by Plaintiff, recklessly darting in front of Plaintiff's vehicle, and, despite Defendants knowing the danger and undue and/or excessive risk of harm s such behavior posed to Plaintiff and others on the road, recklessly slamming on the breaks in an attempt to further dart over to a disabled vehicle on the side of the road;

e. Failing to have his/her vehicle under proper and adequate control;

f. Operating his/her vehicle at a dangerous and excessive rate of speed under the circumstances;

g. Violation of the assured clear distance rule;

h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without causing the Plaintiff's vehicle to strike the Defendant's vehicle;

j. Being inattentive to his/her duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a dangerously high rate of speed for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p. Failing to exercise ordinary care to avoid a collision;

q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r. Operating said vehicle with disregard for the rights of Plaintiff, even though Defendant was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

s. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when Defendant saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

t. Driving too fast for conditions;

u. Violating the Pennsylvania Vehicle Code, including being cited for a violation of Title 75, § 3714 titled "Careless driving," and as such Defendants were cited for "driv[ing] a vehicle in a careless disregard for the safety of persons or property…";

v. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles.

w. Operating his/her vehicle with reckless, willfull and/or wanton disregard for the safety of plaintiff by operating his/her vehicle while being distracted and/or otherwise impaired in blatant disregard for the health, safety, welfare, well-being and rights of Plaintiff.

13. As a direct and consequential result of the negligent, reckless and/or careless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement

and/or aggravation of pre-existing conditions and others ills and injuries including to the neck, as well as back pain, all to Plaintiff's great loss and detriment.

14. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff0s' great financial detriment and loss, Plaintiff has in the past, are presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

15. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

16. As a direct result of the negligent, recklessness and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

17. As a further result of Plaintiff's injuries, they have in the past, are presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

18. Furthermore, in addition to all the injuries and losses suffered, the Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 et. seq. as amended.

WHEREFORE, Plaintiff, Harry Bailey, pray for judgment in their favor and against Defendant, Cory M. Goldstein, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems just.

## COUNT II
### Harry Bailey v. Stirling Towing & Transport, LLC
### Negligent Entrustment

19. Plaintiff incorporate the foregoing paragraphs of this Complaint as if set forth fully at length herein.

20. The negligence and/or carelessness of Defendant, Stirling Towing & Transport, LLC, which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of the following:

   a. Permitting Defendant, Cory M. Goldstein to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

   b. Permitting Defendant, Cory M. Goldstein, to operate the motor vehicle when Defendant, Stirling Towing & Transport, LLC, knew, or in the exercise of due care and diligence, should have known that Defendant, Cory M. Goldstein, was capable of committing the acts of negligence set forth above;

   c. Failing to warn those persons, including the Plaintiff, that Defendant, Stirling Towing & Transport, LLC, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Cory M. Goldstein's negligent operation of the motor vehicle.

   d. Otherwise negligently entrusting said vehicle to Cory M. Goldstein.

21. As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries including, to the neck, as well as back pain, all to Plaintiff's great loss and detriment.

22. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, are presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

23. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

24. As a direct result of the negligent, reckless and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

25. As a further result of Plaintiff's injuries, Plaintiff has in the past, are presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

26. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff have also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Harry Bailey, pray for judgment in their favor and against Defendant, Stirling Towing & Transport, LLC, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT III
### Harry Bailey v. Stirling Towing & Transport, LLC
### Respondeat Superior & Recklessness

27. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

28. The negligence, recklessness and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the Plaintiff consist of the following:

   a. Operating his/her vehicle in a negligent, reckless and/or careless manner so as to cause the Plaintiff's vehicle to strike the Defendant's vehicle without regard for the rights or safety of Plaintiff or others, including by recklessly speeding by Plaintiff, recklessly darting in front of Plaintiff's vehicle, and, despite Defendants knowing the danger and undue and/or excessive risk of harm s such behavior posed to Plaintiff and others on the road, recklessly slamming on the breaks in an attempt to further dart over to a disabled vehicle on the side of the road;

   b. Operating his/her vehicle into Plaintiff's lane of travel;

   c. Failing to maintain proper distance between vehicles;

   e. Failing to have his/her vehicle under proper and adequate control;

   f. Operating his/her vehicle at a dangerous and excessive rate of speed under the circumstances;

   g. Violation of the assured clear distance rule;

   h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without causing the Plaintiff's vehicle to strike the defendant's vehicle;

j. Being inattentive to his/her duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a dangerously high rate of speed for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p. Failing to exercise ordinary care to avoid a collision;

q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r. Operating said vehicle with disregard for the rights of Plaintiff, even though Defendant was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

s. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when Defendant saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

t. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles, including being cited for a violation of Title 75, § 3714

      titled "Careless driving," and as such Defendants were cited for "driv[ing] a vehicle in a careless disregard for the safety of persons or property…";

  u. Operating his/her vehicle with reckless, willfull and/or wanton disregard for the safety of plaintiff by operating his/her vehicle while being distracted and/or otherwise impaired in blatant disregard for the health, safety, welfare, well-being and rights of Plaintiff.

29. As a direct result of the negligent, reckless and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries including to the neck, as well as back pain, all to Plaintiff's great loss and detriment.

30. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

31. As an additional result of the carelessness, recklessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

32. As a direct result of the negligent, reckless and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

33. As a further result of the injuries sustained, Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

34.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff have also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Harry Bailey, demand judgment in Plaintiff's favor and against Defendant, Stirling Towing & Transport, LLC, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY:     _____/s_____
         Marc I. Simon, Esquire
         Simon & Simon, P.C.
         1818 Market Street
         Suite 2000
         Philadelphia, PA 19103
         215-467-4666
         *Attorney for Plaintiff*

Case ID: 210300201

## VERIFICATION

I, Marc Simon, hereby state that I am attorney for the Plaintiff in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 U.S.C.A. § 1001 relating to unsworn falsification to authorities.

_____
Marc I. Simon

Case ID: 210300201

DocuSign Envelope ID: 2D576C4A-4D16-412D-B5DD-2293F0DD95AA

## VERIFICATION

I am the Plaintiff this action, and I hereby state that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.



_____

Case ID: 210300201